UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LILLIE M. MIDDLEBROOKS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-1782 (ESH) |
| **BONNER KIERNAN TREBACH & CROCIATA,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

Plaintiff Lille M. Middlebrooks filed this *pro se* action against Bonner Kiernan Trebach & Cociata, LLP ("BKTC"), Andrew J. Marcus, and Alan S. Block alleging discrimination and retaliation under 42 U.S.C. § 1981 and a host of state law causes of action. Defendants represented George Washington University Hospital ("GW") in a prior related civil action ("the Superior Court litigation"), in which plaintiff accused GW of discrimination. *See Middlebrooks v. The George Washington Univ. Hosp.*, No. 08-CA-5948B (D.C. Super. Ct., filed Aug. 13, 2008). Plaintiff alleges that defendants discriminated and retaliated against her on account of her race by their failure in the Superior Court litigation to redact plaintiff's social security number in documents that had been filed with the court and by their disclosing her social security number during a deposition. Defendants have moved to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court will dismiss plaintiff's federal claims and will decline to exercise supplemental jurisdiction over her state law claims.

As the Supreme Court recently held in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), "[t]o

survive a motion to dismiss [under Rule 12(b)(6) of the Federal Rules of Civil Procedure], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed under Rule 12(b)(6) if it consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted)). The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. *Maljack Prod., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F. 3d 373, 375 (D.C. Cir. 1995). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F. 3d 1271, 1276 (D.C. Cir. 1994)). Although "[a] pro se complaint ... 'must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Atherton v. D.C. Office of the Mayor*, 567 F. 3d 672, 681-82 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), "a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).

In her complaint, plaintiff alleges that the defendants discriminated and retaliated against her for opposing race discrimination in the Superior Court litigation by revealing her social security number in public court records and an unsealed deposition. (Compl. ¶¶ 76-112.) Section 1981, like Title VII, encompasses both discrimination and retaliation claims. *See Hutchinson v. Holder*, No. 09-CV-0718, 2009 WL 3792311, at *5 (D.D.C. Nov. 12, 2009) (citing

*CBOCS West, Inc. v. Humphries*, 128 S.Ct. 1951, 1961 (2008)).[1]  A prima facie case of discrimination requires that the plaintiff suffer an adverse action that gives rise to an inference of discrimination.  *Id.* (citing *Forkkio v. Powell*, 306 F. 3d 1127, 1130 (D.C. Cir. 2002)).  A prima facie case for retaliation requires that the plaintiff suffer an adverse action because he or she engaged in protected activity, such as opposing discrimination.  *Id.* (citing *Baloch v. Kempthorne*, 550 F. 3d 1191, 1198 (D.C. Cir. 2008)).[2]

Even if the complaint is read in the light most favorable to the plaintiff and all reasonable inferences are construed in her favor, there are *no* facts that support an inference of either discrimination or retaliation.  Plaintiff's claim that defendants discriminated against her by revealing her social security number is a "mere conclusory statement."  *Iqbal*, 129 S. Ct. at 1949.  Moreover, her claims do not amount to adverse action.  For the same reason, there is no basis to infer that defendants' conduct was in retaliation for plaintiff's discrimination lawsuit against GW.  In fact, plaintiff attached to her complaint a letter that she received from defendants

---

[1]In relevant part, 42 U.S.C. § 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . .

[2]Although a plaintiff need not establish a prima facie case of discrimination in the complaint, *Ware v. Nicklin Assocs., Inc.*, 580 F. Supp. 2d 158, 164 (D.D.C. 2008), courts can explore a plaintiff's prima facie case at the dismissal stage to determine "whether the plaintiff can ever meet [her] initial burden to establish a prima facie case."  *Rochon v. Ashcroft*, 319 F. Supp. 2d 23, 29 (D.D.C. 2005), *rev'd on other grounds sub nom. Rochon v. Gonzalez*, 438 F. 3d 1211, 1219 (D.C. Cir. 2006); see also *Ervin v. Howard Univ.*, 562 F. Supp. 2d 58, 70 (D.D.C. 2008) ("A plaintiff is not required to plead a prima facie case of hostile work environment in the complaint; however, the alleged facts must support such a claim.").

detailing how they "immediately" contacted the Court to redact plaintiff's social security number once they realized what happened, strongly suggesting that the revelation of the social security number was unintentional. (Compl. Ex. 2.)³  Further, plaintiff's complaint fails to explain how the allegedly wrongful conduct caused her any identifiable harm.  *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006) ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship."); *see also Burnett v. Sharma*, 511 F. Supp. 2d 136, 141 (D.D.C. 2007).

Additionally, the first alleged act of discrimination–revealing the social security number in the court records–is insufficient to state a claim under Section 1981 because that revelation occurred before any alleged contract was formed between the parties and "'a plaintiff cannot state a claim under § 1981 unless [she] has (or would have) rights under the existing (or proposed) contract that [she] wishes to make and enforce.'"  *See Burnett*, 511 F. Supp. 2d at 141 (quoting *Domino's Pizza*, 546 U.S. at 479-80).  The only allegation that a contract existed here is that after defendants initially filed the social security number with the court, they allegedly "made promises to [plaintiff] that [they] would not mishandle [her] social security number ever again." (Compl. ¶ 50.)  Even assuming *arguendo* that this was an enforceable contract, it was formed *after* the initial filing with the Court, and accordingly, this alleged act of discrimination does not meet the requirements of Section 1981.  *See Burnett*, 511 F. Supp. 2d at 141.

Finally, plaintiff's allegations that defendants intentionally disclosed her social security

---

³These findings are consistent with Judge Motley's denial of plaintiff's motion for sanctions against defendants in the prior litigation.  (*See* Compl. ¶ 51; Def's Mot. to Dismiss, Ex. 2 at 48.) ("I'm denying the motion for sanctions.  I think your sanctions are excessive given that you have no basis to think that they [revealed the information] intentionally.")

number in order to discriminate and/or retaliate against her are similar to those recently discussed by the Circuit Court in *Tooley v. Napolitano*, No. 07-5080, 2009 WL 3818372, at *4 (D.C. Cir. Nov. 17, 2009). As such, the complaint is "patently insubstantial" and "present[s] no federal question suitable for decision." *Id.* at *3 (citing *Best v. Kelly*, 39 F. 3d 328, 330 (D.C. Cir. 1994)).

Ultimately, plaintiff's allegations are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1949, and as a result, defendant's motion to dismiss plaintiff's Section 1981 claims will be granted.

In addition to her federal claim, plaintiff asserts the following state law causes of action: retaliation in violation of the District of Columbia Human Rights Act ("DCHRA"), conspiracy to discriminate in violation of the DCHRA, invasion of privacy, promissory estoppel, fraudulent inducement, fraud, breach of contract, and intentional infliction of emotional distress. When the federal-law claims providing the Court with original jurisdiction have been dismissed, the Court "may decline to exercise supplemental jurisdiction" over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). In deciding "whether to exercise jurisdiction," the Court "should consider and weigh ... the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7.

In light of the dismissal of plaintiff's only federal claim, there is no reason for the Court to retain jurisdiction over the remaining common law and D.C. statutory claims. The Court will therefore dismiss these claims without prejudice pursuant to 28 U .S.C. § 1367(c)(3). *See Ekwem*

*v. Fenty*, No. 09-1291, 2009 WL 3462327, at *7-8 (D.D.C. Oct. 29, 2009).

     A separate order accompanies this Memorandum

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: November 30, 2009